Mervin MOUNCE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15083.

United States Court of Appeals Ninth Circuit.

June 28, 1957.

Rehearing Denied Sept. 11, 1957.

within the bar of the statute. Otherwise it is not. Guided by these general principles \* \* \* the trier of facts must draw the line as best he can between art and pornography—between what is permissible and what is objectionable and obscene."

We find no error in the trial court's findings of fact, based upon its application of this standard to the facts established by the record in this case. We adopt Judge Driver's opinion as the opinion of the court. United States v. 4200 Copies International Journal, D.C., 134 F.Supp. 490, 493.

The constitutional questions which appellant has raised in this court and which were not discussed in the opinion of the district court have been foreclosed by the decision of the Supreme Court in Roth v. United States, 77 S.Ct. 1304.

The judgment is affirmed.

C. C. Rowan, Spokane, Wash., for appellant.

William B. Bantz, U. S. Atty., and William M. Tugman, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before DENMAN, Chief Judge, and POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

We are in agreement with Judge Driver's opinion that the standard to be applied in determining whether or not publications are obscene within the meaning of § 1305(a) of Title 19 U.S. C.A. "is the judgment of the average, normal, reasonable, prudent person of the community in which the publication is circulated. If, at the time of such circulation, considered as a whole it offends the sense of propriety, morality, and decency of such average person, it is